IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| v. | ) Civil Action No. 6:06cr032-01 |
| | ) |
| DAVID ALLEN NORVELL, et al., | ) |
| | ) |
| Defendants | ) |

## REPORT AND RECOMMENDATION

### I. Background

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

### II. Facts

Defendant David Allen Norvell ("Norvell") was charged in Counts One through Nine of a ten-count Indictment filed on September 21, 2006. Count One charged that on or between November, 2005 and January, 2006, Norvell conspired to distribute five hundred grams or more of a mixture or substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846. Counts Two, Three, Four, Six, Seven and Eight charged possession with the intent to distribute cocaine and marijuana on various dates in November and December, 2005, in violation of 21 U.S.C. § 841. Count Five charged knowingly carrying a firearm during and in relation to a drug trafficking crime, in violation in 18 U.S.C. § 924(c). Count Nine charged distribution, or aiding an abetting in the distribution, of a measurable quantity of a mixture or substance containing cocaine, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2.

On December 5, 2006, a plea hearing was conducted before the undersigned. At that hearing, Norvell, accompanied by his counsel, Randy V. Cargill, entered a plea of guilty to Counts One and Six of the Indictment. Norvell had previously plead not guilty to all charges, and appeared on December 5, 2006 to change his plea from not guilty to guilty as to Counts One and Six. At the hearing, Norvell acknowledged that he had signed a written Plea Agreement reflecting his guilty plea, identified the Plea Agreement at the hearing, and stated that he agreed to all of its terms.

At the December 5, 2006 hearing, defendant was placed under oath and testified that his name is David Allen Norvell. Norvell stated that he was fully aware of the nature of the charges against him, the elements of the offenses, and the consequences of pleading guilty to Counts One and Six. Norvell was plainly able to understand and communicate with the court and his counsel, and stated that he could read and write in English. At all times, Norvell appropriately responded to inquiries from the court and exhibited a full understanding of the proceedings and the instructions given him by counsel in court. Norvell stated that he has not been diagnosed or treated for any mental or emotional problem which would affect his ability to communicate or understand the proceedings. Norvell further testified that he was not under the influence of any alcohol, drug or medication that affected his ability to understand the nature of the proceedings being held, the nature of the charges against him or the consequences of pleading guilty to those charges. Norvell further stated that he did not suffer from any condition that impeded or prevented his being able to understand the words that were being spoken or the proceedings in general. He was advised that if at any time he failed to understand, he could stop the proceedings

2

and seek clarification. Norvell's counsel, Mr. Cargill, expressed his opinion that Norvell was capable of entering a knowing, voluntary and intelligent plea.

Norvell testified that he had received a copy of the Indictment pending against him and that he had discussed the Indictment and the case with his counsel. After being informed of the provisions of Fed. R. Cr. P. 11(c), Norvell stated that he was pleading guilty because he was, in fact, guilty of the Counts One and Six as charged. Norvell testified that he was pleading guilty of his own free will and had not been forced, threatened, or coerced in any respect. Norvell stated that no assurances or promises had been made to him by anyone in an effort to induce his plea in this case, except to the extent set forth in the written Plea Agreement filed with the court.

Norvell testified that he had read the written Plea Agreement in its entirety, and he had discussed its terms with his counsel before signing it. Norvell stated that he understood the terms of the Plea Agreement, and that the document presented to the court set forth his agreement with the government in its entirety. Norvell stated that he understood that under the Plea Agreement: (1) the government was moving to dismiss all of the other counts against him in the indictment; (2) that if he complied with the requirements for acceptance of responsibility, the government would recommend a three level reduction for acceptance of responsibility; (3) he would be held responsible for a drug weight of 500 grams, resulting in a guideline level of 26; (4) the government would not contend that his role in the offense was either aggravating or mitigating under Guidelines § 3B1.1. and § 3B1.2.; (5) the government would recommend a sentence within the range set forth in the Sentencing Guidelines; (6) the government would object to a sentence below the Sentencing Guidelines range; and (7) no promises were made regarding a substantial assistance motion.

3

Norvell stated that he understood as well that the Plea Agreement included a provision waiving his right to any direct appeal concerning the application of the sentencing guidelines to his case. Norvell also agreed to waive any right to appeal his guilty plea or sentence so long as his sentence falls within the statutory limit. However, the Plea Agreement provides that Norvell reserved the right to appeal any determination that he was a career offender under the sentencing guidelines.

Paragraph 9 of the Plea Agreement provides that Norvell waived the right to collaterally attack his conviction by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2255, but contains a handwritten addendum to the effect that such "waiver does not apply to any claim of ineffective assistance of counsel on my counsel's part." In paragraph 12 of the Plea Agreement and on the record at the hearing, Norvell stated that he was satisfied with the advice and representation by his counsel in this case. Paragraph 12 also provides that Norvell waived any claim he may have for ineffective assistance of counsel known and not raised by him at the time of sentencing. Construed together, these provisions mean that Norvell waived all collateral attacks on his conviction except for a claim of ineffective assistance of counsel of which he was not aware at the time of sentencing or which arose after sentencing.

Norvell further acknowledged that the presiding court is not required to accept the agreement and may reject or defer acceptance of the plea agreement, including any recommendation for sentencing, until after a presentence report is prepared and reviewed.

Norvell stated that he understood that the offenses with which he is charged are felonies, and that, if his plea is accepted, he will be adjudged guilty of two felony offenses by the presiding

4

court and this adjudication may deprive him of valuable civil rights, such as the right to vote, hold public office, serve on a jury and possess a firearm.

Norvell was informed of the maximum possible penalty provided by law for the offenses with which he is charged and said he understood the penalties and consequences of the plea. Specifically, Norvell was informed that he was subject on Count One to a mandatory minimum term of imprisonment of five (5) years and a maximum term of forty (40) years, a fine of up to two million dollars, a $100 special assessment, and a term of supervised release following any term of imprisonment. As to Count Six, Norvell was advised that the maximum term of imprisonment was five (5) years, a fine of up to $250,000, a $100 special assessment, and a term of supervised release following any term of imprisonment.

Norvell also was informed that, under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued sentencing guidelines for judges to follow in determining the sentence in a criminal case. Because of certain recent Supreme Court decisions, these sentencing guidelines are now advisory. Norvell acknowledged that he and his counsel had discussed how the sentencing guidelines might apply in his case, and he stated his understanding that the court would not be able to determine the recommended guideline sentence of his case until after a presentence report has been completed and both parties have an opportunity to challenge the reported facts and the application of the guidelines. Norvell stated that he understood that the eventual sentence imposed may be different from any estimate his attorney has given him, and that the court has the authority, in some circumstances, to depart from the advisory guidelines and impose a sentence that is more severe or less severe than the sentence called for by the advisory guidelines. Norvell acknowledged that he understood that the court is

not bound by any recommendations set forth in the Plea Agreement, and may sentence him up to the statutory maximum. Norvell stated that he understood that in that event he would not be able to withdraw his guilty plea. Norvell acknowledged that he understood that parole had been abolished, and, in the event he receives a sentence of incarceration, he will not be released on parole. Norvell also stated that he understood that any term of supervised release could be revoked if he violated the terms and conditions of such release, and said that he understood that if supervised release is revoked, an additional term of imprisonment could be imposed regardless of how long he may have served before the violation. Norvell was advised that if resentenced following a supervised release violation, he may serve a combined total period of incarceration greater than the maximum term he had been told he could receive.

Norvell also testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which would be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;

2. The right at trial to be presumed innocent and to require the government to prove his guilt beyond a reasonable doubt;

3. The right of assistance of counsel;

4. The right to see, hear and cross-examine witnesses;

5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses; and

6. The right to decline to testify unless he voluntarily elected to do so in his own defense.

6

Having all of this explained to him, Norvell stated that he understood the possible consequences of a Guilty Plea and asked the court to accept his plea of guilty to the Counts One and Six in the Indictment. Norvell's counsel stated that he believed that his client's plea of guilty was well-advised and consistent with the facts of the case.

The government proffered, without objection, the following evidence regarding the offenses with which Norvell is charged:

During late 2005, Norvell participated in a conspiracy to distribute marijuana and cocaine in the City of Lynchburg and Campbell County in the Western District of Virginia. On November 4, 8 and 14, 2005, a confidential informant working with the Campbell County Sheriff's office made controlled purchases of marijuana from Norvell. On November 29, 2005, Norvell dropped off at the confidential informant's house a large quantity of marijuana packaged for distribution. Law enforcement personnel met the informant, photographed the suspected marijuana and had samples of it sent to the laboratory for analysis. Norvell introduced the confidential informant and a government agent to his supplier, co-defendant Gwendolyn Conway, and together they discussed the purchase of one-half kilogram of powder cocaine for $13,500. At Norvell's request, Conway contacted a supplier for the cocaine and the purchase was arranged for Conway's home at 2205 Old Forest Road in Lynchburg. The supplier did not show up at the appointed hour for the deal, and the confidential informant and government agent left Conway's house. Eventually, the supplier arrived, and co-defendant Norvell called the confidential informant. When the confidential informant returned, the supplier demanded $15,000 for the one-half kilogram of powder cocaine. The $15,000 was paid, and 496.6 grams of

7

powder cocaine were delivered to the confidential informant and government agent. All of these events took place in either Campbell County or Lynchburg, Virginia.

Neither Norvell nor his counsel offered any disagreement with the facts set forth in the government's proffer and agreed that the marijuana and cocaine sales took place as described in the proffer. Norvell testified that in late 2005 he made several sales of marijuana to a confidential informant and went to Conway and asked her to help him obtain some cocaine to sell to the confidential informant.

### III. PROPOSED FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations.

1. Norvell is fully competent and capable of entering an informed plea;

2. Norvell is aware of the nature of the charges and the consequences of his plea;

3. Norvell knowingly and voluntarily entered pleas of guilty to Counts One and Six of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which Norvell is pleading guilty.

### VI. RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned **RECOMMENDS** that the presiding District Court accept David Allen Norvell's plea of guilty to Counts One and Six of the Indictment and adjudge him guilty of the offenses charged therein, order a presentence investigation, and set a date for Norvell's sentencing.

8

## NOTICE TO PARTIES

The Clerk is directed to immediately transmit the record in this case to the Hon. Norman K. Moon, United States District Judge. Both sides are **NOTIFIED** that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the Honorable Norman K. Moon, United States District Judge.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record.

Enter this _13th_ day of December, 2006.

Michael F. Urbanski
United States Magistrate Judge